UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
  UNITED STATES OF AMERICA,

                - against -

  JOSEPH KHAIMOV,

                             Defendant.
-----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

08-cr-74 (BMC)

**COGAN**, District Judge.

On December 4, 2007, defendant Joseph Khaimov was charged, along with his then-wife, Irina Khaimov, for bank fraud under 18 U.S.C. §§ 1344, 1349. Federal agents went to arrest them at home but only succeeded in arresting Irina because Joseph had left for Israel two days prior, an act which he now calls "deporting [himself] voluntarily from the United States." (He is not a citizen of the United States, although he does not say where he is a citizen.) A grand jury indicted both of them on February 5, 2008 on conspiracy related to the same bank fraud. Irina pled guilty to one of six counts. She was sentenced on April 30, 2010 and completed her term of supervised release in June 2018.[1]

On March 9, 2018, this Court ordered the Government to show cause why the case against Joseph should not be unsealed or closed. The Government responded with a sealed filing. At that time, Joseph had not appeared in the case. The Court took no further action as it

---

[1] In 2002, defendant had pled guilty to an unrelated crime of credit card fraud and was sentenced to 37 months' custody,

determined based on the Government's filing that there were grounds for maintaining the status of the case.

On January 3, 2024, nearly 16 years after he was indicted, defendant filed the instant motion through counsel to dismiss the indictment on speedy trial grounds, although he had never appeared in this action. In his accompanying declaration, he averred that he had gone to Israel from 2007 to 2019, at which time he emigrated to Ukraine, and then he went to Moldova after Russia's invasion of Ukraine. His motion contends that because the Government knew or could have learned where he was at some point over the 16 years since he was indicted, it should have tried to extradite him, and he has been prejudiced by the delay.

The Government has asked me to deny the motion without considering its merits under the fugitive disentitlement doctrine. Defendant has not responded to the Government's argument, likely because there is no plausible response. This case meets all the criteria of the fugitive disentitlement doctrine easily.

First, to qualify as a fugitive, the defendant must either flee from the jurisdiction to avoid prosecution or commit crimes within the jurisdiction and then learn while he was abroad that he was being sought for prosecution. See United States v. Bescond, 24 F.4th 759, 771-73 (2d Cir. 2022). Defendant likely meets the former category, as I find it not credible that, after living in the United States with a green card for decades, he coincidentally left for Israel two days before his wife and her business partner were arrested. In fact, his affidavit does not even claim that his departure was a coincidence. But in any event, he clearly meets the latter category, as his affidavit describes how, while in Israel, he negotiated with the Government to plead guilty and enter into a 5K1.1 agreement, but the Government reneged when it determined that his information was stale. Thus, he knew he was under indictment while abroad.

Second, as to whether defendant should be disentitled, as the Second Circuit noted in Bescond, id. at 473, that is closely related to the fact that defendant is a fugitive, and thus it is not surprising that he meets all the factors for disentitlement. The first factor is "assuring the enforceability of any decision that may be rendered against the fugitive." Empire Blue Cross and Blue Shield v. Finkelstein, 111 F.3d 278, 280 (2d Cir. 1997). If I determine that defendant's motion to dismiss is without merit and he maintains his unwillingness to return to face the indictment, then nothing will have been achieved. Second, there is the need to discourage flouting the judicial process, both by defendant and by others who might think they can flee justice. Id. The opposite would happen if I gave defendant the ability to litigate dismissal of the charges without requiring his appearance to answer them if they are not dismissed. Third, there is the question of prejudice. Id. Neither side has pointed me to specific facts showing prejudice, but with the Government having the burden of proof, it is easier to see how victims of defendant's bank fraud as well as co-conspirators who have already completed their sentences could have disappeared or become unavailable over the last 16 years.

It is significant that defendant never made this motion while he was in Israel, which has an extradition treaty with the United States. Instead, he waited until he was in Moldova, which, like Ukraine, does not. See https://worldpopulationreview.com/country-rankings/countries-without-extradition. As the Second Circuit has noted, in this situation, "the gravamen … is the posture of 'heads I win, tails you'll never find me." Gao v. Gonzales, 481 F.3d 173 (2d Cir. 2007).

Finally, I note that denying defendant's motion on the basis of the fugitive disentitlement doctrine is proportionate to his remaining a fugitive. It is not as if he is surrendering or forfeiting

3

his speedy trial rights. He is simply being temporarily deprived of the opportunity to assert them until he agrees to answer the charges against him.

Accordingly, the motion to dismiss is denied without prejudice to renewal in the event that defendant surrenders to the authorities in the United States.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       May 7, 2024